ANDERSON v. PENDL.

REPLEVIN — DEFENDANT'S POSSESSION — NATURE — QUESTION FOR JURY—DEMAND—NECESSITY.

In an action of replevin for a span of horses in the possession of B., claimed by plaintiff to have been lent to A. with an agreement for their return and subsequent sale to him, evidence examined, and *held*, to present an issue of fact for the jury, since if B.'s version was true he bought the horses of plaintiff on an agreement made by A., acting as his agent, and was not only entitled to their possession under the contract of sale, but, the horses having come lawfully into his possession, he was entitled to a demand before having them taken from him on the writ.

Error to Newaygo; Palmer, J.    Submitted June 16, 1908.    (Docket No. 84.)    Decided July 13, 1908.

Replevin by Thomas A. Anderson against Peter Pendl.

There was judgment for plaintiff on a verdict directed by the court, and defendant brings error.    Reversed.

*Cogger & Broomfield*, for appellant.

*John G. Anderson*, for appellee.

HOOKER, J.    The plaintiff brought replevin for a span of horses which at the time of the issue of the writ were in the custody of the defendant, Peter Pendl.    He claims that he had made an agreement with Paul Pendl, the brother of Peter, that he would sell to him (Paul) this team for $200; that he had advertised the team for sale on the 11th of May, and that whatever price he was forced to pay at the auction he should have the team for $200; that Paul wanted to use the horses at once, and he loaned them to him with the understanding that he would return them upon the 11th.    He claims to have agreed to take a note that should be acceptable to one Gannon, a banker, who was to be clerk at the auction.    Paul Pendl turned the horses over to his brother Peter, from whom they were replevied after demand was made on Paul.

Defendant denies that his possession was unlawful, and claims that he bought the horses on an agreement made by his brother, acting for him, and the plaintiff, by which he was to give his own and his brother's note for $200 and the horses were at once delivered, the note to be given later to suit plaintiff's convenience; that there was no arrangement by which the horses were loaned, or were to be returned on the 11th; that on the 11th the plaintiff refused to accept either a note as agreed, or other security offered, and the property was replevied without demand. The learned circuit judge directed a verdict for plaintiff, and the defendant has appealed.

These claims raised an issue of fact for the jury.    If defendant's version was true, he was in lawful possession of the property, and the replevin would not lie, for two reasons:

*First.* No demand was made upon him for them before suit.

*Second.* He had a right to the possession as against the plaintiff at that time, under the contract of sale.

It was therefore error to direct a verdict for the plaintiff. The case should have been left to the jury.

The judgment is reversed and a new trial ordered.

MONTGOMERY, OSTRANDER, MOORE, and MCALVAY, JJ., concurred.